

**ORDERED in the Southern District of Florida on December 2, 2019.**

**Mindy A. Mora, Judge
United States Bankruptcy Court**

___

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| MICHAEL DE SIMONE | : | CASE NO. 19-13718-MAM |
| | : | |
| Debtor | : | |

**ORDER CONVERTING CASE UNDER CHAPTER 11
TO CASE UNDER CHAPTER 7**

This matter came before the Court on November 26, 2019 on the continued hearing on the U.S. Trustee's Motion to Dismiss or Convert Case to Chapter 7. The Court, having reviewed the file and having listened to the arguments of those present at the hearing, determines that conversion of this case to Chapter 7 is appropriate.

It is **ORDERED** that:

1. This chapter 11 case is converted to a case under chapter 7.

2. If applicable, the debtor shall immediately remit to the clerk of court the $15.00 trustee surcharge fee prescribed by the Judicial Conference of the United States (if

not previously paid by the debtor).  Failure to pay this fee will result in dismissal of this case.

3. The debtor or the chapter 11 trustee, shall:
   a. Forthwith turn over to the chapter 7 trustee all records and property of the estate under its custody and control as required by Bankruptcy Rule 1019(4);
   b. Within 30 days of the date of this order, file an accounting of all receipts and distributions made.  A copy of this report must be served on the U.S. Trustee; and
   c. File, within 14 days of the date of this order, a schedule of unpaid debts incurred after the commencement of the chapter 11 case as required by Bankruptcy Rule 1019(5) and a supplemental matrix and certification in the format required by Local Rule 1019-1(B).  The debtor or debtor's attorney is required to provide notice to those creditors pursuant to Local Rule 1019-1(B).  Failure to comply may also result in sanctions being imposed by the court.  Debts not listed or noticed timely will not be discharged.  A copy of this schedule shall be served on the chapter 7 trustee.

4. The debtor shall:
   a. file, within 14 days of the date of this order, the statements and schedules required by Bankruptcy Rule 1019(1)(A) and Bankruptcy Rule 1007(c) and in accordance with Local Rule 1019-1(B).
   b. file, if the debtor is an individual, within 14 days of the date of this order, the Official Bankruptcy Form(s) 122A-1 "Chapter 7 Statement of Your Current Monthly Income and Means-Test Calculation", 122A-1Supp "Chapter 7 Means Test Exemption Attachment", 122A-2 "Chapter 7 Means Test Calculation" as required under Local Rule 1019-1(L), and, if not already filed under chapter 11, payment advices as required by Bankruptcy Rules 1007(b)(1) and 1007(c) and, the certificate and debt repayment plan, if any, required by §521(b), a certification under §109(h)(3) or a request for a determination by the court under 109(h)(4).
   c. file, if the debtor is an individual, within 30 days of the date of this order, a statement of intention with respect to retention or surrender of property

        securing consumer debts, as required by 11 U.S.C. §521(a)(2)(A) and Bankruptcy Rule 1019(1)(B), and conforming to Official Form 108.

    d.    file, if the debtor is an individual, within 60 days after the first date set for the meeting of creditors under § 341, "Certification About a Financial Management Course (Official Form 423), [See Bankruptcy Rules 1007(b)(7)(A) and (c)] (unless the course provider files a certificate of completion on the debtor's behalf).

5.    Pursuant to Local Rule 2016-1(C)(2), the debtor's attorney, any examiner or trustee appointed by the court, or any other professional person employed under 11 U.S.C. §327 or 1103 shall, file within 90 days after the date of the post-conversion meeting, an application for compensation for outstanding fees and expenses incurred during the chapter 11 administration including an application justifying retention of any retainer received which has not been approved by a prior award.  Any retainers received which are not approved will be subject to turnover to the chapter 7 trustee.

The attorney for the debtor in possession, or the chapter 11 trustee (if one was appointed) shall notify all such professionals of this deadline by serving them with a copy of this order.

6.    The debtor shall provide notice to affected parties of the deadline set pursuant to Local Rule 1019-1(J)(1) for filing by a nongovernmental unit a request for payment of an administrative expense.

7.    If this case is being converted after the confirmation of a plan, the debtor, within 30 days of the date of this order, shall file:

    a.    A schedule of all property not listed in the final report and account of the debtor in possession or chapter 11 trustee which was acquired after the commencement of the chapter 11 case but before the entry of this conversion order;

    b.    A schedule of unpaid debts (and a supplemental matrix as described in paragraph 3(c)) not listed in the final report and account of the debtor in possession or chapter 11 trustee, which were incurred after the commencement of the chapter 11 case but before the entry of this conversion order, as required by Bankruptcy Rule 1019(5) and provide notice of the claims deadline as required by Bankruptcy Rule 1019(6) and Local

        Rule 1019-1(B) and (J); and

    c.    A schedule of executory contracts and unexpired leases entered into or assumed after the commencement of the chapter 11 case, but before the entry of this conversion order.

8.    Failure of the debtor to comply with the provisions of this order may result in dismissal of this case without further hearing or notice.

**###**

**Submitted by:**

Heidi A. Feinman  
Trial Attorney  
Office of the U.S. Trustee

**The Clerk of the Court shall serve this Order on all parties.**